Arthur Hughes v. Commissioner.
Hughes v. Commissioner
Docket No. 5269-67.
United States Tax Court
T.C. Memo 1970-339; 1970 Tax Ct. Memo LEXIS 22; 29 T.C.M. (CCH) 1642; T.C.M. (RIA) 70339; December 14, 1970, Filed Gabriel T. Pap, 51 E. 67th St., New York, N. Y., for the petitioner. A. Mills McCawley, for the respondent. *23 FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined deficiencies in petitioner's Federal income tax for the years 1963 and 1964 in the amounts of $741.75 and $739.62, respectively. Concessions having been made, the only issue for decision is whether petitioner is entitled to certain entertainment expenses claimed as deductions under section 162 and section 274 of the Internal Revenue Code of 1954. [1]
Findings of Fact Petitioner herein is Arthur Hughes (hereinafter sometimes referred to as Arthur). At the time the petition in the instant case was filed, he resided in Fresh Meadows, New York. His income tax returns for the years 1963 and 1964 were filed with the district director of internal revenue, Manhattan, New York. During the years 1963 and 1964, Arthur was employed as a stage manager for the Columbia Broadcasting System (hereinafter sometime referred to as CBS), working 1643 only in CBS's studios in Manhattan, New York. In his position he was in charge of stagehands working on various CBS television *24 programs. It was customary at CBS for stage managers to buy coffee, doughnuts and occasionally some sandwiches for their crews. Other men in a supervisory capacity, such as lighting directors and technical directors, also bought refreshments for their crews. During the years in issue Arthur purchased coffee and doughnuts two or three times a week for a crew, which normally numbered eight. On occasion there were strangers on the program sets who also received coffee and doughnuts; however, this was exceedingly rare. During the years in issue Arthur occasionally purchased drinks for six or eight stagehands at bars near CBS. Quite often, he also purchased drinks for his boss and a few stagehands at Fresh Meadows Inn (hereinafter sometimes referred to as the Inn) which was three blocks from his home. In his 1963 and 1964 income tax returns, Arthur deducted (as business entertainment expenses) amounts which he broke down in his petition as follows: 1963
Business entertaining at Inn at Fresh Meadows
$ 191.67
Party for 32 people at home at $2per person
64.00
At bars for 44 weeks, $6per week
264.00
Drinks, doughnuts or sandwiches for 8 stagehands and 3 to 4 from other de- partments for 179 days at 60 cents per person
1,235.10
1964
Business entertaining at Inn at Fresh Meadows
320.16
Party for 26 people at home at $2.50 each
65.00
At bar for 42 weeks, $6per week
252.00
Drinks, doughnuts or sandwiches for 8 stagehands and 3 to 4 from other de- partments for 186 days at 60 cents per person
1,283.40
*25 Respondent denied the deductions for "lack of substantiation," and "for the further reason that the amounts claimed are not allowable deductions under section 274 of the Internal Revenue Code of 1954." Opinion The only issue for decision concerns the deductibility of certain alleged entertainment expenses incurred during 1963 and 1964. Respondent contends that all of the expenses were entertainment expenses which have not been substantiated, pursuant to section 274(d), and which do not meet the requirements of section 274(a)(1)(A), [2] and hence, are not deductible. Respondent also argues that petitioner has not substantiated these expenses under section 162(a), but otherwise he concedes their deductibility under that section. *26 Under section 274(d), petitioner is to be allowed no deduction for entertainment expense: unless * * * [he] substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. The Secretary or his delegate may by regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations. The regulations set up detailed descriptions of what is required. Section 1.274-5(c), Income tax Regs. [3]
*27 With regard to the claimed deductions for drinks purchased at bars for his crew, Arthur estimated at trial that these expenses totaled $264 and $252 for the 1644 respective years in issue, based on his estimates of $6 per week for forty-four and forty-two weeks. No records written at or near the times of the expenditures, which recorded the amounts spent, the times and places of, or the business purposes for these expenditures, were introduced into evidence; nor were any receipts or billing statements introduced to confirm in any way the amounts spent. Only Arthur's uncorroborated assertions that the amounts were incurred in buying drinks for stagehands are in the record. This evidence alone falls far short of the substantiation necessary under section 274(d); accordingly, the deductions are denied. Likewise, entertainment expenses for the two parties, one in 1963 and one in 1964, are unsubstantiated as required by section 274(d), since Arthur's verbal estimates of these expenses are all we have. Accordingly, those deductions must also be denied. Arthur's expenses at the Inn were evidenced to a greater extent than those above. For 1963, 11 checks, totaling $260.07, payable *28 to the Inn, are in evidence. For seven of these checks, totaling $204.77, Arthur introduced the Inn's billing statements which broke down the times and amounts of such expenditures. For 1964, eight checks payable to the Inn, totaling $152.80, are in evidence. For all eight checks there were billing statements providing the same information as those statements for 1963. In addition, for 1964 three other Inn statements, marked paid in cash and totaling $68.96, are in evidence. Arthur testified that the expenditures represented by the above amounts were for drinks for his boss, who often rode home with him, and at times for a few stagehands. He admitted that some of these expenditures were for his own food when he was unaccompanied by business associates. There is no written record or other substantiating evidence as to the purposes for these drinks, i.e., of what business relevance they had insofar as Arthur was concerned, nor for whom the expenditures were incurred. We only have Arthur's statements that these expenses were incurred for his boss and stagehands. Which expenses were incurred for each and which were his own personal expenses are unknown. We hold that lack of such records, *29 evidence and information precludes 1645 the deductions for lack of substantiation under section 274(d) and the regulations thereunder. The final deductions in contention concern expenditures for coffee and doughnuts for Arthur's crew. Petitioner contends that these expenses have been properly substantiated as required by section 274(d). [4] He points to his testimony at trial that he expended approximately $7, two or three times a week, to purchase coffee, doughnuts and sandwiches for a crew of eight stagehands. The only other evidence even tending to substantiate these expenses consists of testimony by petitioner's witness, Fred L. Beraud, that he had seen Arthur entertain in this manner both years in issue and testimony by petitioner's witness, Edward Corcoran (who was also a stage manager at CBS) that he himself averaged spending $7 for doughnuts and coffee on the days he purchased such food items for his crew. *30 It seems obvious to us that the above evidence is insufficient to satisfy the substantiation requirements of section 1.274-5 (c)(2) and (3), Income Tax Regs. We recognize, however, that in the recent case of Harry G. LaForge, 53 T.C. 41 (1969), reversed and remanded - F. 2d - (C.A. 2, Nov. 10, 1970), the Second Circuit has ruled that section 1.274-5(c)(2) and (3), Income Tax Regs., are invalid insofar as they require solely written records to substantiate entertainment expenses. In LaForge, supra, the taxpayer, a physician, claimed a deduction for certain business lunches which he gave for business associates at a hospital cafeteria. The cafeteria cashier testified at trial that the doctor regularly purchased lunch for business associates and himself at a cost of from $2.65 to $3. The doctor kept no records of these expenses but deducted on his income tax return $2 per day for each day of his hospital schedule as an estimate. The Second Circuit held that the taxpayer's testimony estimating the amount of the expenses, plus that of the cashier, was sufficient to substantiate the deduction, but that the case had to be remanded for further evidence as to the *31 amount of the expense which represented the doctor's own lunches. Thus, under that decision, oral evidence of the taxpayer, plus other "sufficient corroboratory evidence," would be adequate to sustain the burden of substantiation required by section 274(d). In the instant case there was no testimony by any witness other than Arthur concerning the number of times in each year in issue, or the amounts of money which Arthur had expended for the coffee and doughnuts. Accordingly, even under the LaForge decision, petitioner has not met his burden of substantiation. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise stated.↩
2. SEC. 274. DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC. EXPENSES. (a) Entertainment, Amusement, or Recreation. - (1) In General. - No deduction otherwise allowable under this chapter shall be allowed for any item - (A) Activity. - With respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, unless the taxpayer establishes that the item was directly related to, or, in the case of an item directly preceding or following a substantial and bona fide business discussion (including business meetings at a convention or otherwise), that such item was associated with, the active conduct of the taxpayer's trade or business, or↩
3. (c) Rules for substantiation - (1) In general. A taxpayer must substantiate each element of an expenditure (described in paragraph (b) of this section) by adequate records or by sufficient evidence corroborating his own statement except as otherwise provided in this section. Section 274(d) contemplates that a taxpayer will maintain and produce such substantiation as will constitute clear proof of an expenditure for travel, entertainment, or gifts referred to in section 274. A record of the elements of an expenditure made at or near the time of the expenditure, supported by sufficient documentary evidence, has a high degree of credibility not present with respect to a statement prepared subsequent thereto when generally there is a lack of accurate recall. Thus, the corroborative evidence required to support a statement not made at or near the time of the expenditure must have a high degree of probative value to elevate such statement and evidence to the level of credibility reflected by a record made at or near the time of the expenditure supported by sufficient documentary evidence. The substantiation requirements of section 274(d) are designed to encourage taxpayers to maintain the records, together with documentary evidence, as provided in subparagraph (2) of this paragraph. To obtain a deduction for an expenditure for travel, entertainment, or gifts, a taxpayer must substantiate, in accordance with the provisions of this paragraph, each element of such an expenditure. (2) Substantiation by adequate records - (i) In general. To meet the "adequate records" requirements of section 274(d), a taxpayer shall maintain an account book, diary, statement of expense or similar record (as provided in subdivision (ii) of this subparagraph) and documentary evidence (as provided in subdivision (iii) of this subparagraph) which, in combination, are sufficient to establish each element of an expenditure specified in paragraph (b) of this section. * * * (ii) Account book, diary, etc. An account book, diary, statement of expense or similar record must be prepared or maintained in such manner that each recording of an element of an expenditure is made at or near the time of the expenditure. (a) Made at or near the time of the expenditure. For purposes of this section, the phrase "made at or near the time of the expenditure" means the elements of an expenditure are recorded at a time when, in relation to the making of an expenditure, the taxpayer has full present knowledge of each element of the expenditure, such as the amount, time, place and business purpose of the expenditure and business relationship to the taxpayer of any person entertained. * * * (3) Substantiation by other sufficient evidence. If a taxpayer fails to establish to the satisfaction of the district director that he has substantially complied with the "adequate records" requirements of subparagraph (2) of this paragraph with respect to an element of an expenditure, then, except as otherwise provided in this paragraph, the taxpayer must establish such element - (i) By his own statement in writing containing specific information in detail as to such element; and (ii) By other corroborative evidence sufficient to establish such element. If such element is the description of a gift, or the cost, time, place, or date of an expenditure, the corroborative evidence shall be direct evidence, such as a statement in writing or the oral testimony of persons entertained or other witness setting forth detailed information about such element, or the documentary evidence described in subparagraph (2) of this paragraph. If such element is either the business relationship to the taxpayer of persons entertained or the business purpose of an expenditure, the corroborative evidence may be circumstantial evidence.↩
4. Petitioner, on brief, argued numerous other points concerning the deductibility of these expenses which were not raised in his petition or at trial. These arguments were not timely. Rule 32, Tax Court Rules of Practice.↩ Aside from this, they are entirely devoid of merit. Accordingly, we do not deal with them.